UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

NORMAN CRONEY,

                      Plaintiff,

    v.                                                 9:24-CV-0483
                                                         (AMN/MJK)

JOHN/JANE DOE, et al.,

                      Defendants.
_____

APPEARANCES:

NORMAN CRONEY
Plaintiff, pro se
16-A-0510
Elmira Correctional Facility
P.O. Box 500
Elmira, NY 14902

ANNE M. NARDACCI
United States District Judge

## DECISION and ORDER

**I.    INTRODUCTION**

      Plaintiff Norman Croney commenced this action by filing a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"), together with an application to proceed in forma pauperis ("IFP"). Dkt. No. 1 ("Compl."); Dkt. No. 9 ("IFP Application").[1] By Decision and Order entered on June 18, 2024, the Court granted plaintiff's IFP Application, reviewed

---

[1] By Order entered on April 9, 2024, plaintiff's initial application to proceed IFP was denied as incomplete, and the action was administratively closed. Dkt. No. 5. Thereafter, plaintiff filed his IFP Application and the Clerk was directed to reopen this action and restore it to the Court's active docket. *See* Dkt. Nos. 9, 12.

1

the complaint in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), and dismissed his claims with prejudice for lack of standing, failure to state a claim upon which relief may be granted, and frivolousness.  Dkt. No. 13 ("June 2024 Order").  The Court further directed the Clerk to terminate all of the named defendants and close this case.  *Id*.  Thereafter, judgment was entered dismissing this action with prejudice.  Dkt. No. 15.

Presently before the Court is a motion from plaintiff, which is dated June 11, 2024, and raises concerns regarding plaintiff's "current living conditions" at Elmira Correctional Facility, and also seeks to amend the complaint to identify the "Doe" defendants by name.  Dkt. No. 16 ("Omnibus Motion").

## II.    DISCUSSION

As an initial matter, plaintiff's Omnibus Motion predates the June 2024 Order.  Thus, the Court does not construe the filing to include a request for reconsideration of the June 2024 Order.  However, for the sake of clarity, the motion does not articulate any grounds for reconsidering the June 2024 Order and re-opening this case.

Insofar as the Omnibus Motion seeks to amend the complaint to identify the "Doe" defendants, the request is denied as futile because, as discussed in the June 2024 Order, the underlying claims are both frivolous, and improperly brought on behalf of non-parties.  *See, e.g., Candelaria v. Baker*, No. 00-CV-0912, 2006 WL 618576, at *3 (W.D.N.Y. Mar. 10, 2006) ("To prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint." (internal quotation marks and citations omitted)); *Scarborough v. Evans*, No. 9:09-CV-0850 (NAM/DEP), 2010 WL 1608950, at *2 (N.D.N.Y. Apr. 20, 2010) (motion for preliminary injunction alleging use of excessive force and denial of medical care by non-

parties denied where complaint alleged denial of mental health care and proper conditions of confinement); *In re Rationis Enterprises, Inc. of Panama*, 261 F.3d 264, 270 (2d Cir. 2001) ("A court may not grant a final, or even an interlocutory, injunction over a party over whom it does not have personal jurisdiction."); *see also Salahuddin v. Goord*, 467 F.3d 263, 272 (2d Cir. 2006) ("In this circuit, an inmate's transfer from a prison facility generally moots claims for declaratory and injunctive relief against officials of that facility.").  The Court will add only that an action based on alleged wrongdoing at Elmira Correctional Facility is more appropriately venued in the Western District of New York, where that facility is located.

In light of the foregoing, the Omnibus Motion is denied in its entirety.

### III.    CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that the Omnibus Motion (Dkt. No. 16) is **DENIED** in its entirety; and it is further

**ORDERED** that this case is closed. Plaintiff is advised that further submissions (except those related to a properly filed notice of appeal) are not authorized, and will not be addressed by the Court; and it is further

**ORDERED** that the Clerk send plaintiff a form complaint available for use in Section 1983 actions, and an application to proceed in forma pauperis, should he wish to pursue claims regarding his present confinement in the Western District of New York (where Elmira Correctional Facility is located); and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED**.

Dated: <u>July 9, 2024</u>
       Albany, NY

*Anne M. Nardacci*
Anne M. Nardacci
U.S. District Judge